## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Sep 14 2018, 9:08 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT *PRO SE*

Kurt Brenneman
North Providence, Rhode Island

ATTORNEYS FOR APPELLEE
STATE OF INDIANA

Curtis T. Hill, Jr.
Attorney General of Indiana

Andrea E. Rahman
Deputy Attorney General
Indianapolis, Indiana

## IN THE
# COURT OF APPEALS OF INDIANA

Kurt Brenneman,

*Appellant,*

v.

Lisa K. Brenneman, et al.,

*Appellees.*

September 14, 2018

Court of Appeals Case No.
79A02-1711-DR-2841

Appeal from the Tippecanoe
Circuit Court

The Honorable Donald L. Daniel,
Special Judge

Trial Court Cause No.
79C01-1103-DR-57

**Bradford, Judge.**

# Case Summary

[1] Kurt Brenneman ("Father") and Lisa Brenneman ("Mother") are the parents of six children. They divorced in 2002. Following the divorce, Father was ordered to pay child support for the parties' children. In 2014 and 2016, both Father and the State[1] filed motions seeking modification of Father's child-support obligation. Following a hearing, the trial court issued an order modifying Father's child-support obligation and finding him in arrears of his obligation in the amount of $2,551.00. Father challenges the portion of the trial court's order finding him in arrears of his child-support obligation. We affirm.

# Facts and Procedural History

[2] Our memorandum decision in Father's prior appeal, which was handed down on December 22, 2016, instructs us to the underlying facts and procedural history leading to the instant appeal.

> [Father] and [Mother] were married in 1984 and had six children in their marriage.… In September 2001, [Mother] filed a petition for dissolution of marriage and the trial court entered a decree of dissolution in 2002.… On September 27, 2014, [Father], proceeding pro se, filed a verified petition for modification of child support. Shortly thereafter, [Father] filed a motion for emergency hearing on the petition, and a motion to emancipate children.… On June 3, 2015, the trial court held a hearing on various motions and petitions filed by [Father], including

---

[1] The State became involved in the case because the family received public assistance.

> [Father]'s verified petition to modify child support and motion to emancipate children…. The trial court gave [Father] multiple opportunities to address his various claims of emancipation and child support; however, he refused to offer any testimony because he claimed he had not received the discovery he needed to proceed…. Because he refused to offer testimony or significantly participate in the hearing, the trial court dismissed [Father]'s verified petition for modification of child support.

*Brenneman v. Brenneman*, 79A05-1508-DR-1074, *1–2 (Ind. Ct. App. Dec. 22, 2016). During the pendency of Father's prior appeal, the State filed two motions to modify Father's child-support obligation. *Id.* at *1. Ultimately, we reversed the trial court's dismissal of Father's modification petition and remanded to the trial court for a new modification hearing. *Id.* at *4.

[3] The trial court conducted a hearing on the parties' motions on August 7, 2017. On September 17, 2017, the trial court issued an order in which it found the following:

> 13. Father's child support obligation shall be modified to $74.00 per week as of September 30, 2014.
> 14. All children of this marriage are emancipated as of December 13, 2016.
> 15. Father's child support obligation shall be terminated as of December 13, 2016.
> 16. Father is in arrears in the child support obligation in the amount of $2,551.00 as of September 1, 2017, of which $1,663.52 is owed to the Mother and $887.48 is owed to the State of Indiana for past public assistance.

Appellant's Supp. App. Vol. IV, p. 5. Father's motion to correct error was denied by the trial court on October 24, 2017.

# Discussion and Decision

[4] Father appeals from the trial court's September 11, 2017 order. Father's arguments are largely focused on his apparent belief that Indiana's rules and regulations relating to child custody and support proceedings are unconstitutional. In making this argument, Father asserts that the rules and regulations somehow violate an individual's due process rights and challenges the propriety of basing these decisions on what he alleges are flawed and unconstitutional determinations relating to the best interests of the children involved. While we acknowledge Father's constitutional arguments, we note that these arguments were not raised before the trial court and, as such, are not properly before us at this time. *See Monschein v. LaLonde*, 701 N.E.2d 1275, 1277 (Ind. Ct. App. 1998) (providing that a party "may only obtain judicial review of issues that were properly raised to the trial court" and this rule also applies to a challenge to the constitutionality of a statute). We will therefore limit our review to Father's arguments relating to the propriety of the trial court's September 11, 2017 order.

[5] In challenging the trial court's order, Father argues that the trial court abused its discretion by accepting the child support worksheet that reflected the highest potential arrearage. The State filed three alternative child support worksheets. Each awarded Father a different amount of credit for parenting time exercised

with the children. In considering these worksheets, the trial court found that Father had not "exercised more than 51 overnights over a period of a year" and, as a result, was not entitled to a parenting time credit. Appellant's Supp. App. Vol. IV, p. 5. The trial court's finding is consistent with the Commentary to Indiana Child Support Guideline 6 which indicates that credit "begins at 52 overnights annually or the equivalent of alternate weekends of parenting time only." The trial court, therefore, did not abuse its discretion in accepting the child support worksheet awarding Father no credit for parenting time exercised with the children.

[6] Father also argues that there was no evidence that he failed to satisfy his duty to support his children. Exhibit E, however, establishes that prior to modification, Father was $11,176.00 in arrears of his child support obligation. This amount was cut to $2,551.00 after retroactive modification of Father's child support obligation. The evidence supports the trial court's determination that Father failed to meet his obligation to support his children.

[7] The judgment of the trial court is affirmed.

Bailey, J., and Mathias, J., concur.